# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUIS RIVERA, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 17-326-RGA |
| DANA METZGER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## **MEMORANDUM OPINION**

Luis Rivera. *Pro se* Petitioner.

Kathryn J. Harrison, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

February **14**, 2020
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 and an Amended Petition (hereinafter collectively referred to as "Petition") filed by Petitioner Luis Rivera. (D.I. 1; D.I. 8) The State filed an Answer in opposition, to which Petitioner filed a Reply. (D.I. 12; D.I. 18) For the reasons discussed, the Court will dismiss Petitioner's § 2254 Petition as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

I.   **BACKGROUND**

On October 18, 2011, a Delaware Superior Court jury convicted Petitioner of trafficking in heroin (2.5 – 10 grams), possession with intent to deliver heroin, maintaining a dwelling for drug purposes, tampering with physical evidence, possession of drug paraphernalia, and unlawful dealing with a child. *See State v. Rivera*, 2015 WL 3965920, at *1 (Del. Super. Ct. June 26, 2015). On February 3, 2012, the Superior Court sentenced Petitioner to a total of thirty years at Level V, suspended after nine years for various levels of probation.[1] *Id.* Petitioner appealed, and the Delaware Supreme Court affirmed Petitioner's convictions and sentences. *Id.*

On August 7, 2013, while represented by counsel, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("first Rule 61 motion"). *See Rivera*, 2015 WL 3965920, at *1. On May 5, 2014, while the first Rule 61 motion was still pending, Delaware's Office of Defense Services ("OPD") filed a Rule 61 motion on Petitioner's behalf ("OPD Rule 61 motion"), asserting claims related to the Office of the Chief Medical Examiner ("OCME"). (D.I. 12 at 2) Initially, the Superior Court dismissed Petitioner's first

---

[1] On the same day he was sentenced in this case, Petitioner was also sentenced in a different case to a total of four years at Level V, suspended for various levels of supervision. *See* (D.I. 13 at 2 in *Rivera v. DeMatteis et al.*, Civ. A. No. 17-1233-RGA). Petitioner does not challenge those convictions in this habeas petition but does challenge them in a subsequent habeas petition, which is still pending before the Court. *See Rivera*, Civ. A. No. 17-1233-RGA.

Rule 61 motion as having been abandoned. (D.I. 15-12) However, Petitioner requested that the first Rule 61 motion be reinstated and that the OPD Rule 61 motion be withdrawn. (D.I. 12 at 2) A stipulation was filed in December 2014, signed by the State, an assistant public defender, Petitioner's private counsel, and Petitioner, in which Petitioner stated that he understood that all claims raised in the OPD Rule 61motion were withdrawn. (D.I. 15-13 at 1-3) Thereafter, on June 26, 2015, the Superior Court denied Petitioner's first Rule 61 motion. *See Rivera*, 2015 WL 3965920, at *3. Petitioner filed a notice of appeal from that decision two years later, on June 9, 2017. *See Rivera v. State*, 167 A.3d 1190 (Table), 2017 WL 2924264, at *1 (Del. July 7, 2017). The Delaware Supreme Court dismissed the appeal for lack of jurisdiction on July 7, 2017, because the untimely notice of appeal should have been filed on or before July 27, 2015. *Id.* at *1.

Meanwhile, on December 14, 2016, Petitioner filed a motion for correction of sentence, which the Superior Court denied on December 23, 2016. (D.I. 15-7 at 8, Entry Nos. 44 & 45) Petitioner filed a notice of appeal for an unidentified case on April 11, 2017. (D.I. 15-7 at 8, Entry No. 46) On May 11, 2017, the Delaware Supreme Court dismissed the appeal because Petitioner had not indicated which decision of the Superior Court he was appealing and, in either case, the notice of appeal was not timely filed. *See Rivera v. State*, 162 A.3d 791 (Table), 2017 WL 1967798, at *1 (Del. May 11, 2017).

In March 2017, Petitioner filed in this Court a Petition asserting two unexplained ineffective assistance of counsel claims, and subsequently filed an amended Petition asserting the following six grounds for relief: (1) defense counsel failed to inquire into the admissibility of his statement, prepare an adequate defense, or move to suppress his statement; (2) defense counsel failed to challenge the illegal search and seizure that led to his arrest; (3) defense counsel failed

2

to ensure that he was provided with an interpreter; (4) defense counsel failed to provide proper advice about his ability to take a plea instead of going to trial; (5) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to inform him about the evidence scandal at the Office of the Chief Medical Examiner ("OCME") drug lab; and (6) he is actually innocent. (D.I. 8) The State filed an Answer asserting that the Petition should be dismissed as time-barred or, alternatively, because the claims are procedurally barred from habeas review. (D.I. 12) Petitioner filed a Reply, asserting that the claims are not procedurally barred and the Petition should be deemed timely filed after applying § 2244(d)(1)(D) and the doctrine of equitable tolling. (D.I. 18)

### A. OCME CRIMINAL INVESTIGATION

The relevant information regarding the OCME evidence mishandling is set forth below:

> In February 2014, the Delaware State Police ("DSP") and the Department of Justice ("DOJ") began an investigation into criminal misconduct occurring in the Controlled Substances Unit of the OCME.
>
> The investigation revealed that some drug evidence sent to the OCME for testing had been stolen by OCME employees in some cases and was unaccounted for in other cases. Oversight of the lab had been lacking, and security procedures had not been followed. One employee was accused of "dry labbing" (or declaring a test result without actually conducting a test of the evidence) in several cases. Although the investigation remains ongoing, to date, three OCME employees have been suspended (two of those employees have been criminally indicted), and the Chief Medical Examiner has been fired.
>
> There is no evidence to suggest that OCME employees tampered with drug evidence by adding known controlled substances to the evidence they received for testing in order to achieve positive results and secure convictions. That is, there is no evidence that the OCME staff "planted" evidence to wrongly obtain convictions. Rather, the employees who stole the evidence did so because it in

3

> fact consisted of illegal narcotics that they could resell or take for personal use.

*Brown v. State*, 108 A.3d 1201, 1204-05 (Del. 2015).

## II. TIMELINESS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner's § 2254 Petition, filed in 2017, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The Court does not see any facts triggering the application of § 2244(d)(1)(B) or (C). Petitioner, however, asserts that he is entitled to a later starting date for AEDPA's limitations period under

4

§ 2244(d)(1)(D) – either February, April, or June 2014 – because those are the dates on which the State either learned about the OCME evidence misconduct or began to notify defendants in certain active cases about that misconduct. (D.I. 18 at 2-3) The OPD actually filed a Rule 61 motion on Petitioner's behalf on May 5, 2014 asserting a *Brady* argument based on the OCME evidence misconduct. As a result, assuming that § 2244(d)(1)(D) applies, the Court will use May 5, 2014 as the starting date.[2]

The next question is whether or not the revelation of the OCME misconduct on May 5, 2014 constitutes a newly discovered factual predicate warranting a later starting date for the limitations period under § 2244(d)(1)(D). A violation of *Brady v. Maryland* occurs when the government fails to disclose evidence materially favorable to the accused, including both impeachment evidence and exculpatory evidence.[3] *See United States v. Bagley*, 473 U.S. 667, 676 (1985). For the purposes of the instant § 2244(d)(1)(D) inquiry, the Court need not delve into the merits of Petitioner's *Brady* Claim. Rather, it is sufficient that the OCME investigation and/or misconduct constituted impeachment evidence that may have been useful to Petitioner at trial. *See McNeill v. DeMatteis*, 2019 WL 4820035, at *10 (D. Del. Sept. 30 2019); *Ira Brown v. State*, 108 A.3d 1201, 1206 (Del. 2015). Given these circumstances, in order to trigger a later

---

[2]The Delaware State Police ("DSP") began its investigation into compromised drug evidence on January 15, 2014. The record does not indicate when the Attorney General's office informed defense counsel that an investigation into the evidentiary practices at the OCME may have implications for Petitioner's criminal case. Although Petitioner probably had sufficient facts to draft the instant argument prior to filing the OPD Rule 61 motion on May 5, 2014, the Court will give Petitioner the benefit of the doubt and use May 5, 2014 as the relevant date.

[3]A petitioner establishes a *Brady v. Maryland* violation by showing that: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or it had impeachment value: (2) the prosecution suppressed the evidence, either willfully or inadvertently; and (3) the evidence was material. *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Lambert v. Blackwell*, 387 F.3d 210, 252 (3d Cir. 2004).

5

starting date under § 2244(d)(1)(D), Petitioner must show that (1) the drug evidence in his case was tested by the OCME and he received the results of the test in time to use at the trial; and (2) exercising due diligence, he could not have learned that the evidence in his case may have been part of the compromised drug evidence involved in the OCME scandal until May 5, 2014.

Petitioner has met this burden. First, the transcript of the trial reveals that defense counsel cross-examined the forensic chemist who tested the drug evidence about his procedure for that testing, and defense counsel referred to the lab report during that cross-examination. (D.I. 15-1 at 30-31 (also marked as A-19)) Second, facts sufficient to provide a basis for a good faith claim that state employees engaged in impermissible conduct were not available to defense counsel until May 5, 2014, the date on which the OPD filed a Rule 61 motion on Petitioner's behalf. *See* n.2 *supra;* (D.I 15-11 at 1)

Given these circumstances, the Court concludes that AEDPA's limitations period in this case began to run on May 5, 2014.[4] Applying the one-year limitations period to that date, Petitioner had until May 5, 2015 to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas

---

[4]The State relies on *Harmon v. Johnson*, 2016 WL 183899, at *3 (D. Del. Jan. 14, 2016) to support its argument that § 2254(d)(1)(D) is inapplicable and therefore cannot trigger a later starting date in Petitioner's case. (D.I. 12 at 6) The Court disagrees, because *Harmon* is distinguishable. Harmon argued that his conviction should be vacated because the State violated *Brady v. Maryland* by failing to disclose its knowledge of the OCME drug evidence scandal during his plea process and by waiting until long after his conviction in 2012 to disclose the tampering. *See Harmon*, 2016 WL 183899, at *2-3. However, since the drug evidence in *Harmon* was never sent to the OCME for testing, the court found that the revelation of the OCME scandal in 2014 could not constitute a new factual predicate for Harmon's substantive *Brady v. Maryland* claim. *Id.* Here, unlike Harmon, Petitioner did not enter a guilty plea; he went to trial. In addition, unlike in *Harmon*, the drug evidence in Petitioner's case was sent to the OCME for testing, and the chemist who tested the evidence testified at Petitioner's trial. Given these circumstances, the Court concludes that the revelation of the OCME scandal constitutes a new factual predicate for Petitioner's instant argument.

6

petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015)(AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the triggering event, which is usually the date on which the judgment of conviction became final). Petitioner, however, did not file the instant § 2254 petition until March 27, 2017,[5] almost two full years after the expiration of AEDPA's statute of limitations. Therefore, the Petition is time-barred,[6] unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling).

### A. Statutory Tolling

---

[5]The electronic stamp on the Petition is dated March 27, 2017. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

[6]The following analysis demonstrates that the Petition would be time-barred even if the Court used § 2244(d)(1)(A) to determine the timeliness of the instant Petition. The Delaware Supreme Court affirmed Petitioner's convictions and sentences on August 21, 2012, and Petitioner did not seek certiorari review. Therefore, his judgment of conviction became final ninety days later, on November 20, 2012. Applying the one-year limitations period to that date, Petitioner had until November 20, 2013 to timely file his Petition. When Petitioner filed the first Rule 61 motion on August 7, 2013, 259 days of the limitations period had already expired. The Superior Court denied the first Rule 61 motion on June 26, 2015, and Petitioner did not timely appeal that decision. As a result, the first Rule 61 motion tolled the limitations period through July 27, 2015, when the time for filing an appeal to the Delaware Supreme Court had passed. *See Washington v. Pierce*, 230 F. Supp. 3d 392, 395-96 (D. Del. 2017). The limitations clock started to run again on July 28, 2015, and ran the remaining 106 days without interruption until the limitations period expired on November 11, 2015. The OPD Rule 61 motion has no tolling effect because it was filed after the first Rule 61 motion and withdrawn before the Superior Court denied the first Rule 61 motion. Petitioner's motion for correction of sentence filed on December 14, 2016 has no tolling effect because it was filed after the expiration of the limitations period, and Petitioner's untimely notices of appeal have no statutory tolling effect because they were not properly filed for § 2244(d)(2) purposes. Thus, in this scenario, the Petition would be time-barred unless equitable tolling applied, because the limitations period expired in November 2015. As explained in the text of this Opinion, equitable tolling is not available for the reasons asserted by Petitioner. *See infra* at 9-11. Thus, the Petition is time-barred whether the starting date for AEDPA's limitations period is determined under § 2244(d)(1)(A) or (D).

7

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, since the first Rule 61 motion was already filed and pending before the limitations period started on May 5, 2014, the limitations clock did not actually start to run until after the first Rule 61 motion was decided. The Superior Court denied the first Rule 61 motion on June 26, 2015, and Petitioner did not file a timely appeal from that decision.[7] Consequently, the first Rule 61 motion tolled the limitations period through July 27, 2015, which includes the thirty days to appeal the Superior Court's decision. The limitations clock started to run for the first time on July 28, 2015 and ran the entire year without interruption until the limitations period expired on July 28, 2016. Petitioner's motion for correction of sentence, filed on December 14, 2016, has no statutory tolling effect because it was filed after the expiration of the limitations period. Petitioner's untimely notices of appeal, filed in April and June of 2017, also have no

---

[7]Although Petitioner eventually filed an appeal from the denial of the first Rule 61 motion in June 2017, the Delaware Supreme Court dismissed the appeal as untimely. Only properly filed post-conviction motions statutorily toll the limitations period, and an untimely post-conviction appeal is not considered to be properly filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005)(explaining that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). Therefore, Petitioner's June 2017 notice of appeal for the first Rule 61 motion has no statutory tolling effect.

8

statutory tolling effect, because they were not properly filed for § 2254(d)(2) purposes. Thus, the Petition is time-barred, unless equitable tolling applies.

## B. Equitable Tolling

Pursuant to the equitable tolling doctrine, the one-year limitations period may be tolled in very rare circumstances for equitable reasons when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). A petitioner's obligation to act diligently applies to both his filing of the federal habeas application and to his filing of state post-conviction applications. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir.2005). In turn, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999); *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Petitioner appears to contend that equitable tolling is warranted because the State violated *Brady* by failing to inform him about the OCME evidence scandal while his criminal case was pending. This argument is unavailing. Since Petitioner was aware of enough facts concerning the OCME evidence scandal to file the OPD Rule 61 motion in May 2014, he has

failed to demonstrate that he was prevented from filing a basic timely protective petition[8] in this Court before AEDPA's limitations period expired in July 2015 (or November 2016 under § 2244(d)(1)(A)). *See Ross v. Varano*, 712 F.3d 784, 803 (3rd Cir. 2013)("[F]or a petitioner to obtain relief [via equitable tolling] there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition."). Similarly, Petitioner's failure to timely file a petition at any point after the OPD motion was filed in May 2014 precludes a finding that Petitioner exercised the requisite "due diligence" to warrant equitably tolling the limitations period. *See, e.g., Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)(once the extraordinary circumstance ends, petitioner must exercise reasonable diligence in filing his petition).

Petitioner's contention that the limitations period should be equitably tolled because he is actually innocent is also unavailing. (D.I. 8 at 6; D.I. 18 at 3) His unsupported and conclusory statement does not establish a viable claim of actual innocence and, therefore, it cannot constitute an extraordinary circumstance for equitable tolling purposes. *See Teagle v. DiGuglielmo*, 336 F. App'x 209, at 210 (3d Cir. 2009). To the extent the delayed filing was due to a miscalculation or mistake on the part of Petitioner or of the attorney(s) representing Petitioner, "attorney error, miscalculation, inadequate research, or other mistakes" do not amount to extraordinary circumstances for equitable tolling purposes. *See Hendricks v. Johnson*, 62 F. Supp. 3d 406, 411 (D. Del. 2014).

---

[8]In *Pace v. DiGuglielmo*, the Supreme Court explained that a "petitioner's reasonable confusion about whether a state filing would be timely" when attempting to exhaust state remedies may constitute good cause for him to file a "protective petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

10

In short, Petitioner cannot demonstrate that the OCME scandal, and/or the timing of the State's disclosure about the OCME scandal, actually prevented him from timely filing a petition seeking federal habeas relief. For all of these reasons, the Court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented. Accordingly, the Court will deny the instant Petition as time-barred.[9]

### III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

The Court has concluded that the instant Petition is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

---

[9] Having concluded that it must deny the Petition as time-barred, the Court will not address the State's alternate reason for denying the Petition.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.